**PARAMOUNT PICTURES CORPORATION, et al.**

v.

**Lawrence W. SULLIVAN and Joseph Williamson, Jr.**

**Civ. No. 81–0431 P.**

United States District Court, D. Maine.

Aug. 27, 1982.

John W. Philbrick of Verrill & Dana, Portland, Me., and Jeffrey A. Rosen of Sargoy, Stein & Hanft, New York City, for plaintiff.

Gordon C. Ayer of Ayer, Hodsdon & Austin, Kennebunk, Me., for defendant.

## OPINION

### MOTION FOR SUMMARY JUDGMENT

MAZZONE, District Judge.

### MEMORANDUM AND ORDER

The plaintiffs bring this complaint, charging the defendants have infringed their copyrights of certain motion picture films set out in the complaint. The defendants, Lawrence W. Sullivan and Joseph Williamson, Jr., are owners and operators of a restaurant in Kennebunkport, Maine, called The Codfathers. The plaintiffs allege that the defendants have shown motion pictures publicly by means of video cassettes and seek injunctive relief and statutory damages under Title 17 of the United States Code.

The plaintiffs now move for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, asserting that there is no genuine issue as to any material fact, and that, therefore, they are entitled to judgment as a matter of law. This motion was unopposed.

A hearing was held on July 22, 1982. The defendants appeared and represented to the Court that their only response to the motion for summary judgment was the answer filed by the defendants. The Court proceeded to render its decision and order.

■ The plaintiffs must prove, if they are to prevail in this copyright infringement action, that 1) they are owners or proprietors of the copyrights involved, 2) those films were publicly shown or performed by the defendants, and 3) the defendants did not have permission to show or perform those films. *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908 (Conn.1980). *Russ Berrie & Co. Inc. v. Jerry Elsner Co., Inc.*, 482 F.Supp. 980 (D.C.N.Y.1980).

■ On this record, which includes the pleadings affidavits, requests for admissions and submissions of counsel there is no material dispute as to any facts which go to make up the necessary elements of this claim. The defendants have admitted in their answer that they were the owners or proprietors or managers of The Codfathers at the times of the alleged infringements. They have admitted that the films, which are the subject of this complaint, were exhibited at public performances by use of video cassettes at the premises on the dates alleged. They have admitted that these public performances took place under their direction and supervision and with their approval and assistance, although, perhaps, not wilfully. They have admitted that they have no license or received no permission from the plaintiffs to conduct such public performances.

There is no fact which would allow this Court to conclude or infer that any of the performances of these films were exempt in any way from infringement status. See Title 17, U.S.C. §§ 106, 107, 110, 111.

Therefore, the plaintiff has shown that there is no material dispute as to any of these facts. Each of the essential elements of copyright infringement is present and the plaintiffs are entitled to summary judgment.

■ The relief to which the plaintiffs are entitled consists of injunctive relief and damages. Title 17 of the United States Code, Section 502, provides for injunctive relief to an owner of a copyright whose copyright has been infringed. The plaintiffs are entitled to such relief from the

defendants, prohibiting further unlicensed performances of the films.

As to damages, Section 504(c) of Title 17, United States Code, provides for minimum damages per infringement of $250. (The maximum is $10,000). The record does not indicate any wilfulness on the part of the defendants and the plaintiffs seek no more than the minimum award. Therefore, they are entitled to the minimum award of $250 for each of the infringing performances.

Accordingly, the plaintiffs are entitled to injunctive relief against each of the defendants prohibiting the further unlicensed exhibition of the films in question as set out below and damages in the amount of $250 for each of the infringing performances of the films in question as set out below:

1. Metro Goldwyn Mayer Film Company—"Sunshine Boys"—February 23, 1981—$250.

2. 20th Century Fox Film Company—"Bruebaker"—January 15, 1981; "Norma Rae," January 29, 1981; and "Heartbreak Kid," February 17, 1981—$750.

3. Warner Bros., Inc.—"Main Event," February 18, 1981; "Green Berets," February 14, 1981; "Oh God, Book II," February 27, 1981; "One Trick Pony," February 17, 1981; "Every Which Way But Loose," December 23, 1980—$1,250.

4. Columbia Pictures Industries, Inc. —"China Syndrome," January 14, 1981; "Harold and Walter Go to New York," February 4, 1981; "Anderson Tapes," January 9, 1981; "Breakout," January 27, 1981—$1,000.

5. Paramount Pictures Corporation— "Little Darlings," February 20, 1981; "Murder on the Orient Express," December 17, 1980; "Escape From Alcatraz," December 18, 1980; "Catch 22," February 16, 1981—$1,000.

6. AVCO Embassy Pictures Corporation—"The Producers," January 30, 1981; "The Sailor Who Fell From Grace From The Sea," December 19, 1980—$500.

7. Universal Pictures, a division of Universal City Studios, Inc.—"1941," shown February 3, 1981; "Smokey & The Bandits I," February 16, 1981—$500.

The total statutory award due, therefore, is $5,250.

Finally, Title 17, Section 505 authorizes the award of counsel fees and costs.

The affidavit provided by counsel as to attorneys fees is sufficiently precise and supported and I find the requested fees are reasonable. I, therefore, approve an amount of counsel fees of $3,175.73 including counsel's appearance today and making adjustments for those parts of the affidavit which show matters which are unrelated to this effort, principally, the telephone calls to the media. In addition, I award out-of-pocket expenses and disbursements for the investigation which was necessarily incurred in the prosecution of this action in the amount of $2,159.85 for a total of $5,335.58.

The total judgment to be entered in this case in accordance with this opinion of $10,585.58.

So ordered.